**JIA JIA ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales, Respondents.**

**No. 05–1391–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2006.

Dehai Zhang, New York, New York, for Petitioner.

Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin, Richard D. Humphrey, Assistant United States Attorney, Madison, Wisconsin, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Jia Jia Zhang, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Alan Vomacka's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and the BIA's denial of her motion to remand. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

## A. Appeal

### 1. Asylum and Withholding of Removal

 To establish a well-founded fear of persecution as a basis for an asylum petition, the applicant must show that she subjectively fears persecution and that her fear is objectively reasonable. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). This objective component may be satisfied by either documentary evidence of the feared persecution or credible testimony referring to specific facts giving rise to an inference that the applicant has a good reason to fear persecution. *Melendez v. U.S. Dep't of Justice,* 926 F.2d 211, 215 (2d Cir.1991). Here, Zhang stated that she had given up her belief in Christianity, so it does not appear that, upon her return to China, she would practice the Roman Catholic faith, putting her at risk of persecution. She admitted that she had no basis for fearing arrest other than her own suspicions that a friend disclosed her name to government officials. She was not aware of any warrant for her arrest. On these facts, Zhang has not alleged objective evidence to support her fear of persecution on account of her past religious activities. Therefore, she has not carried her burden of showing that she has a well-founded fear of future persecution. Because Zhang is unable to establish her eligibility for asylum, she fails to satisfy the higher burden for withholding of removal as well. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

### 2. CAT Relief

 In assessing an applicant's CAT claim, all evidence relevant to the possibility of future torture should be considered, including evidence of current country conditions. 8 C.F.R. § 1208.16(c)(3). The background materials in the record indicate that deportees to China are only penalized if they left China in some illegal manner. Zhang offered no evidence that the passport or visa that she used to come to the United States were fraudulent. There is therefore nothing to indicate that she would be subject to the penalty upon return to China. Even assuming that Zhang departed China on false documents, the various background materials indicate that deportees who exited China in this manner are subject only to a warning and up to ten days in detention. One report in the materials also cited an expert who concluded that the average deportee to the Fujian province, where Zhang is from, endured a 10,000 yuan fine and a month in detention. But neither temporary detention nor a fine, without more, constitute torture. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003); *see also Guan Shan Liao v. United States Dep't of Justice,* 293 F.3d 61, 69–70 (2d Cir.2002). Because Zhang failed to show the requisite likelihood of torture or that the harm she might face would rise to the level of torture, she cannot carry her burden for CAT relief.

## B. Motion to Remand/Reopen

 A motion to reopen filed while an appeal is pending before the BIA is generally construed as a motion to remand to the IJ for further proceedings. 8 C.F.R. § 1003.2(c)(4); *Li Yong Cao v. United States Dep't of Justice,* 421 F.3d 149, 156 (2d Cir.2005). "A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen." *Li Yong Cao,* 421 F.3d at 156. The BIA may deny such a motion if the petitioner fails to demonstrate *prima facie* eligibility for asylum. *Id.* Zhang failed to demonstrate *prima facie* eligibility for asylum inasmuch as her claim that she would be subject to sterilization or abortion because she wanted to have more than one child was too speculative to support a well-founded fear of future persecu-

tion. Therefore, the BIA did not abuse its discretion in denying Zhang's motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).